IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAWNNA AIKENS, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>CIRCLE K, )<br>)<br>       Defendant. ) | Civil Action No. 21-643<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

AND NOW, this 24th day of May 2021, upon consideration of the Motion for Leave to Proceed In Forma Pauperis filed by pro se Plaintiff Lashawnna Aikens, (Docket Nos. [1]), and the accompanying Complaint,

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Lashawnna Aikens ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this

end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

As with several of Plaintiff's prior lawsuits dismissed by this Court's colleagues,[1]

---

[1] Plaintiff has filed at least 8 lawsuits in the past 5 years which have been dismissed, with prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2). *See e.g., Aikens v UPMC Susquehanna*, 2:19-cv-203 (W.D. Pa. Feb. 25, 2019) (dismissed with prejudice for lack of subject matter jurisdiction per Order of April 2, 2019 (ECF No. 3)); *Aikens v. Second East Hills LP*, 2:19-cv-171 (W.D. Pa. Feb. 15, 2019) (dismissed with prejudice as frivolous per Order of 3/28/2019 (ECF No. 3)); *Aikens v. Western Psychiatric Inst. and Clinic of UPMC*, 2:16-cv-395 (W.D. Pa. Apr. 5, 2016) (dismissed with prejudice as frivolous per Order of 4/19/2016 (ECF No. 9)); *Aikens v. University of Pittsburgh's School of Dental Medicine*, 2:16-cv-443 (W.D. Pa. Apr. 14, 2016) (dismissed with prejudice as

Plaintiff's rambling and incoherent Complaint alleging a civil rights, *Bivens* or False Claims Act case against Circle K arising from an August 29, 2018 incident which led to her own arrest and guilty plea to a summary offense of harassment-subject other to physical contact, in violation of 18 Pa.C.S. § 2709(a)(1) is subject to dismissal.  To that end, Plaintiff claims that she was provoked to attack a cashier at the store, Katherine Blair, because Ms. Blair "was a born (+) positive meninigitis (sic) woman," the entire neighborhood knew of the cashier's status and that she (Blair) tried to use her (Plaintiff's) meningitis protection because she is the cure.  (Docket No. 1-1 at 3-4).  She further states that she was negatively profiled because she is white and the employee (Blair) is biracial.  (*Id*. at 5).  The relief that Plaintiff requests in this lawsuit is that she wants the Court to "Restore justice and federally move [her] from meningitis protection." (*Id*.).  Like the prior actions, the allegations in this case are fanciful or delusional and lack arguable merit, making them frivolous and subject to dismissal.  *See e.g., Brookins v. Cty. of Allegheny*, 350 F. App'x 639, 642 (3d Cir. 2009) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (citations omitted)) ("A court may discredit allegations that are 'fanciful, fantastic, and delusional' and thus may dismiss a complaint as factually frivolous when the facts alleged 'rise to the level of the irrational or wholly incredible.' "); *Johnson v. Trump*, 745 F. App'x 445 (3d Cir. 2018) ("After reviewing Johnson's filings in the District Court and on appeal, we agree that the complaint lacks an arguable basis in law and fact, and we therefore conclude that the District Court correctly dismissed the complaint pursuant to § 1915(e)(2)(B).").

---

frivolous per Order of 4/19/2016 (ECF No. 5)); *Aikens v. UPMC Shadyside Hospital*, 2:16-cv-454 (W.D. Pa. Apr. 18, 2016) (dismissed with prejudice as frivolous per Order of 4/19/2016 (ECF No. 5)); *Aikens v. DNA Diagnostic Center*, 2:18-cv-700 (W.D. Pa. May 25, 2018) (dismissed with prejudice as frivolous per Order of 9/18/18 (ECF No. 6)); *Aikens v. Pittsburgh Technical College*, 2:21-cv-433 (W.D.Pa. Apr. 5, 2021), *report and recommendation adopted*, 2021 WL 2016160 (W.D. Pa. May 20, 2021) (R&R adopted and case dismissed as frivolous); Aikens v. Red Lobster, 1:21-cv-434, 2021 WL 2018994 (W.D. Pa. Apr. 9, 2021), *report and recommendation adopted*, 2021 WL 2016316 (W.D. Pa. May 20, 2021) (R&R adopted and case dismissed as frivolous).

This lawsuit also suffers from additional defects. The Court lacks subject matter jurisdiction because Plaintiff has failed to allege any facts which would demonstrate that the Defendant Circle K or its employee Blair are federal or state officials subject to suit under *Bivens* or 42 U.S.C. § 1983 and has not otherwise set forth a basis to hold any of them liable under those theories. *See e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). Similarly, a pro se litigant cannot pursue a False Claims Act case on behalf of the Government. *See Aikens v. DNA Diagnostic Center*, 2018 WL 4473544, at *2 (W.D. Pa. Jun. 6, 2018) (quoting *Gunn v. Credit Suisse Group AG*, 610 F. App'x 155, 157 (3d Cir. 2018)). Hence, federal question jurisdiction is not properly invoked under 28 U.S.C. § 1331. The Court also cannot exercise diversity jurisdiction over any of Plaintiff's claims because (1) both she and Defendant are citizens of Pennsylvania; and, (2) she has not alleged damages in excess of $75,000.00. *See* 28 U.S.C. § 1332(a).

Next, even if the Court had subject matter jurisdiction, Plaintiff's claims arising from the August 29, 2018 incident are barred by the applicable two-year statute of limitations for personal injury torts in Pennsylvania which also applies to federal claims under § 1983 and *Bivens*. *See* 42 Pa. Cons. Stat. § 5524 (2-year limitations period for personal injury torts); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (statute of limitations in § 1983 action is state statute of limitations for personal injury torts; *Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers*, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988) (*Bivens* actions governed by state statute of limitations for personal injury torts). Finally, it is also clear that leave to amend would be futile such that the dismissal will be with prejudice. *See Phillips*, 515 F.3d at 245.

For all of these reasons, this matter is DISMISSED, with prejudice; and,

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this action CLOSED.

<u>s/Nora Barry Fischer</u>  
Nora Barry Fischer  
Senior U.S. District Judge

cc: LASHAWNNA AIKENS  
406 Short Canal Street  
Sharpsburg, PA 15215  
(via first class mail)